IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John B. Frazier, </br></br> Petitioner, </br></br> vs. </br></br> Warden of Tyger River Correctional Institution, </br></br> Respondent. | No. 8:16-cv-03771-DCN </br></br> ORDER |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"), ECF No. 33, that the court grant respondent Warden of Tyger River Correctional Institution's motion for summary judgment, ECF No. 21. For the reasons set forth below, the court adopts the R&R and grants respondent's motion for summary judgment.

## I. BACKGROUND

This is a habeas corpus case brought pro se by petitioner John B. Frazier, who is a South Carolina state prisoner seeking relief under 28 U.S.C. § 2254. The R&R ably recites the salient facts and procedural history of petitioner's case. See R&R 2–7. This order notes some relevant background.

### A. State Court Proceedings

Following two trials, petitioner was convicted and sentenced in South Carolina state court for murder, armed robbery, and criminal conspiracy. Petitioner appealed, alleging the trial court erred in: (1) admitting hearsay evidence of petitioner's co-defendant; (2) denying petitioner's motion for a directed verdict of not guilty of armed

1

robbery when the State offered no substantial evidence of larceny; and (3) denying petitioner's motion for a directed verdict of not guilty of murder when the State failed to prove petitioner was at the scene of the crime. The South Carolina Court of Appeals affirmed the murder conviction but reversed the armed robbery conviction. Both parties appealed, the State raising whether the appellate court erred by reversing the armed robbery conviction, and petitioner raising whether the appellate court erred by affirming the trial court's denial of a directed verdict of not guilty on the murder conviction. On writ for certiorari, the South Carolina Supreme Court affirmed the appellate court with respect to the murder charge but reversed as to the armed robbery charge, sustaining petitioner's convictions.

On or about September 26, 2011, petitioner filed an application for post-conviction relief ("PCR") pro se, which was later amended on March 13, 2014, to raise multiple grounds for PCR, alleging: prosecutorial misconduct for presenting a reply witness and false testimony from eye-witnesses and an investigating officer; ineffective assistance of counsel for failure to object thereto; ineffective assistance of counsel for failing to move to sequester the jury or request a change of venue, to challenge the introduction of a photo line-up and composite, to object to the State's closing argument, to challenge the sufficiency of evidence supporting the criminal conspiracy charge, to object to the testimony of two witnesses, to challenge forensic evidence; and to explore a third-party guilt defense. On November 6, 2014, the PCR court denied the PCR application, dismissing it with prejudice. Petitioner appealed on the ground that trial counsel was ineffective for failing to object and move for a mistrial after the State disparaged criminal

defense attorneys and made multiple references to petitioner's sins in closing arguments. On October 20, 2016, the South Carolina Supreme Court denied certiorari.

### B.     Federal Court Proceedings

On or about November 23, 2016,[1] petitioner filed a petition for writ of habeas corpus in this court, raising four ineffective-assistance-of-counsel grounds for relief from his state court conviction, alleging his trial counsel was ineffective for: (1) not objecting to the state's disparaging remarks about criminal defense attorneys and references to petitioner's sins during closing arguments ("ground one"); (2) allowing "surrogate testimony" about the construction of the photo line-up evidence ("ground two"); (3) not requesting an alibi charge to be given ("ground three"); and (4) not raising third-party guilt as a defense ("ground four"). ECF No. 1 at 5–11.

On April 10, 2017, respondent filed the instant motion for summary judgment. On May 15, 2017, petitioner filed a response in opposition, ECF No. 27. On May 22, 2017, respondent filed a reply, ECF No. 30, and on June 26, 2017, petitioner filed a surreply thereto, ECF No. 32. On September 21, 2017, the magistrate judge issued the R&R, recommending that the court grant respondent's motion for summary judgment and dismiss the petition. The magistrate judge specifically advised the parties of the procedure for filing objections thereto and the consequences if they failed to do so. ECF No. 33-1. On or about October 25, 2017, after receiving an extension, petitioner timely filed objections to the R&R, ECF No. 38. On November 9, 2017, respondent filed a reply thereto, ECF No. 40. The matter is now ripe for the court's review.

## II.  STANDARDS OF REVIEW

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270–71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Similarly, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Id. Finally, the failure to file specific, written objections to the R&R results in a party's

waiver of the right to appeal from the judgment of the district court based upon such recommendation. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

**B.  Pro Se Petition**

The court is charged with liberally construing pro se complaints and petitions, which are held to a less stringent standard than those drafted by attorneys, in order to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980) (per curiam) (citations omitted). Liberal construction, however, does not mean that the court may ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

**C.  Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if the evidence presented could lead a reasonable fact finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. Id. The party moving for summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden

5

"shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718–19 (citing Anderson, 477 U.S. at 247–48).

### III. DISCUSSION

The R&R concludes that: (1) grounds two, three, and four are procedurally defaulted and petitioner cannot overcome the default as he cannot establish cause and prejudice; and (2) with respect to ground one, petitioner fails to show that the State's disparaging remarks about defense counsel and references to petitioner's sins so infected the trial that he was prejudiced by his trial counsel's failure to object. R&R 16, 26. Accordingly, the R&R recommends granting summary judgment as a matter of law because: (1) grounds two, three, and four are barred from this court's consideration, necessitating dismissal; and (2) petitioner is not entitled to habeas corpus relief on ground one for failure to show that the PCR court's decision was contrary to or an unreasonable application of United States Supreme Court precedent. R&R 19, 22, 27.

Petitioner objects to the R&R's recommendation that the court grant summary judgment and dismiss his petition, objecting specifically to grounds two and four but only generally to grounds one and three.[2] Objs. 1. He contends that "grounds two and four would have prevailed on their own merits had it not been for the ineffectiveness of PCR counsel." Id. For ground two, he claims "[identification technician] Lisa Means was readily available to give testimony concerning her construction of the photo line array. [Detective Mike] Rowe was only a requesting officer for the photo array, yet was placed

---

[2] In his objections, petitioner does not address ground one. With respect to ground three, he simply states that the court "asserts this issue is procedurally barred due to him not meeting the prejudice standard set . . . in Strickland v. Washington, [466 U.S. 668 (1984),] thus . . . denying him consideration by a federal habeas court." Objs. 1. He also states generally "that all of his grounds are ripe for review. Id.

6

before the jury as if he was an expert in photo array construction." Id. 2. For ground four, petitioner avers:

> [H]is counsel was ineffective for not arguing third party guilt at his second trial. For had he argued the issue[,] the [trial court] would have had to make a ruling . . . [,] preserving it for appellate review. Here, petitioner . . . was not given the opportunity to raise said issue due to his trial counsel['s] ineffectiveness.

Id. Because petitioner objects generally to the findings on grounds one and three, the court reviews those portions of the R&R for clear error. The court reviews the specific objections to the findings on grounds two and four de novo.

### A. Review of Findings on Grounds One and Three for Clear Error

#### 1. Ground One: Failure to Object to Closing Argument Remarks

Petitioner does not address ground one in his objections but contends "that all of his grounds are ripe for review[.]" Id. 1. The court liberally construes petitioner's objections under a clear error lens to allow the development of a potentially meritorious case. See Hughes, 449 U.S. at 10 (directing courts to not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), is the "statutory authority of federal courts to issue habeas corpus relief for persons in state custody[.]" Harrington v. Richter, 562 U.S. 86, 97 (2011). A federal court may not grant habeas relief unless the underlying state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the

7

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if the state court: (1) "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or (2) "confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405–06 (2000) (citation omitted). A state court decision is "an unreasonable application of" clearly established Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case[.]" Id. at 407–08. Also, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless such precedent exists; "when there is no Supreme Court precedent on point or where the Court has reserved the question[,]" there is no habeas relief. Virsnieks v. Smith, 521 F.3d 707, 716 (7th Cir. 2008) (citations omitted); Bustos v. White, 521 F.3d 321, 324–25 (4th Cir. 2008) (citations omitted). Finally, when evaluating a habeas petition based on a claim of ineffective assistance of counsel, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Richter, 562 U.S. at 101.

Using this law on habeas relief, the R&R found that the PCR court's "denial of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent[,]" and "the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a [Supreme Court] decision but arrived at a different result from the

8

Supreme Court precedent." R&R 25. The R&R also notes that a review of the trial transcript reveals that petitioner's counsel objected six times during the State's closing arguments, and, although the objections were not specifically to the State's disparaging remarks and references to petitioner's sins, petitioner nevertheless cannot establish prejudice because the statements did not "so infect[] [p]etitioner's trial with unfairness as to make the resulting conviction a denial of due process[.]" R&R 26 (citing California v. Ramos, 463 U.S. 992, 998–99 (1983)). Accordingly, the R&R found that petitioner "failed to show that the references to his sins and the remarks about trial counsel so infected the trial that it was prejudicial" and thus "failed to establish that he was prejudiced by any failure to object to these statements during closing argument." R&R 26. Therefore, the R&R recommends that the court grant summary judgment with respect to ground one. R&R 27.

After reviewing the record in this case, the applicable law, and the R&R's findings on ground one under a "clear error" lens, the court agrees with the analysis and recommendation of the magistrate judge, finding that petitioner is not entitled to habeas relief on ground one; thus, the court grants summary judgment on ground one.

### 2. Ground Three: Failure to Request Alibi Charge

As stated, petitioner generally objects to the R&R's findings on ground three, simply rehashing the R&R's recommendation but not pointing to any error. Objs. 1. The R&R recommends that, absent a showing of cause and actual prejudice, ground three is procedurally barred because petitioner did not raise this claim in his PCR application and the PCR court did not rule on it. R&R 17. The R&R notes that petitioner "seems to argue that he can establish cause to excuse the procedural default because his PCR counsel . . .

fail[ed] to properly perfect a Rule 59(e) motion[,]" whereas respondent contends that "this issue was never raised in any PCR application and, thus, PCR counsel's failure to file a Rule 59(e) motion cannot be used to raise a new ground." R&R 19–20.

"Out of an abundance of caution," the R&R analyzed whether petitioner can demonstrate his trial counsel was ineffective under the Strickland analysis. R&R 20. Under Strickland, to challenge a conviction based on ineffective assistance of counsel, a petitioner must prove: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." 466 U.S. at 687. Applying Strickland's two-prong test to the record in this case, the R&R found that petitioner fails to establish that defense counsel was ineffective with respect to requesting an alibi charge. R&R 20–22. Therefore, the R&R concludes, petitioner fails to demonstrate cause and prejudice sufficient to overcome the procedural bar to ground three. R&R 21–22.

After reviewing the record, the applicable law, and the R&R's findings on ground three under a "clear error" lens, the court agrees with the analysis and recommendation of the magistrate judge, finding that ground three is procedurally barred. Therefore, the court grants summary judgment with respect to ground three.

**B.  De Novo Review of Findings on Grounds Two and Four**

The court next turns to a de novo analysis of the R&R's recommendation that grounds two and four are also procedurally barred and that petitioner fails to show cause and prejudice to overcome the default. Petitioner contends that "grounds two and four would have prevailed on their own merits had it not been for the ineffectiveness of PCR counsel." Objs. 1.

10

As the R&R finds, grounds two and four are procedurally barred because petitioner did not raise them in his petition for writ of certiorari to the South Carolina Supreme Court. R&R 16–17. The court agrees and finds that grounds two and four are procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 731–32 (1991) (explaining that purpose of state remedy exhaustion would be frustrated if habeas petitioners could default their federal claims in state court because this would "deprive[] the state courts of an opportunity to address those claims in the first instance"). The court next determines whether there is cause and prejudice sufficient to overcome the default.

As the R&R concludes, petitioner fails to show cause and prejudice sufficient to overcome his default on grounds two and four. R&R 17–19. The court also agrees. In Martinez v. Ryan, the United States Supreme Court held in pertinent part that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. 566 U.S. 1, 9 (2012). In the present case, petitioner claims that the court should hear his procedurally barred grounds under Martinez because his PCR counsel was ineffective for failing to raise grounds two and four. ECF No. 27 at 2–3. However, the holding in Martinez does not extend to PCR appellate counsel; and, therefore, cause cannot be established under Martinez. See Crowe v. Cartledge, C/A No. 9:13-cv-2391-DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) (citation omitted) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); see also Cross v. Stevenson, Civil Action No. 1:11-cv-02874-RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("Martinez . . . does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). Accordingly, the court agrees with the R&R

11

and finds that grounds two and four are procedurally barred and there is no cause and prejudice to overcome the default. Therefore, the court grants summary judgment with respect to grounds two and four.

## IV. CONCLUSION

In summation, the court agrees with the R&R that grounds two, three, and four are procedurally barred and petitioner cannot overcome the default because he fails to establish cause and prejudice. The court further agrees that petitioner is not entitled to relief on ground one because he fails to show that the State's statements at issue so infected the trial that they prejudiced petitioner and, thus, fails to establish that he was prejudiced by his counsel's failure to object.

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 33. Accordingly, the court **GRANTS** respondent's motion for summary judgment, ECF No. 21, and **DISMISSES** the petition, ECF No. 1.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 12, 2018**
**Charleston, South Carolina**